UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN M. WALTON, )<br>   *Plaintiff*, )<br> )<br>   *vs*. )<br> )<br>CAROLYN W. COLVIN, *Acting Commissioner* )<br>*of the Social Security Administration*, )<br>   *Defendant*. ) | 1:12-cv-688-JMS-TAB |

### ORDER

Presently pending before the Court is Plaintiff Steven M. Walton's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). [Dkt. 24.] Counsel requests an award of $3,799.67 for legal services rendered in this action, which culminated in the parties stipulating to a remand to the ALJ for further administrative proceedings. [Dkt. 22 (listing five issues for the ALJ to consider on remand).] The Commissioner does not argue that Mr. Walton was not the prevailing party or that the Commissioner's position was substantially justified but, instead, challenges the amount of fees requested. [Dkt. 26.]

The parties' briefing presents three issues, which the Court will restate as follows. First, whether counsel has submitted adequate documentation of his actual time spent on this matter. Second, whether counsel has shown that inflation or another factor justifies an hourly rate higher than the $125 statutory cap. Third, whether the EAJA allows the Court to direct any awarded fees to counsel, rather than to Mr. Walton, in light of an assignment Mr. Walton signed with his attorney.

### A. Documentation Supporting Fee Request

Counsel submits an affidavit with his request attesting that he spent 20.75 hours representing Mr. Walton in this case. [Dkt. 24-1.] The Commissioner argues that counsel has not stated his actual time, as required by the EAJA. [Dkt. 26 at 2-3.]

The EAJA requires that a request for fees include "an itemized statement from any attorney ... representing or appearing in behalf of the party stating the *actual time expended* and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B) (emphasis added). The amount of fees must be reasonable. 28 U.S.C. § 2412(d)(2)(A).

At least three billing entries convince the Court that counsel used a fee affidavit he previously filed in another case as a template to draft the fee affidavit in this case, but failed to appropriately tailor it to reflect his actual time expended for certain items.

First, counsel attests that he spent one hour reviewing the "Entry and Judgment reversing and remanding case to agency" in Mr. Walton's case on September 26, 2012. [Dkt. 24-1 at 2.] However, the Court approved the parties' stipulated remand on November 30, 2012, and it would be unreasonable to spend one hour reviewing it, given that it was based on the parties' proposed order. [*Cf.* dkt. 21-1 *with* dkt. 24-1.] As the Commissioner points out, counsel actually received a favorable opinion on September 26, 2012 in another case—*Jacobs v. Astrue*, No. 1:11-cv-1088-DML-WTL—and later sought fees in that case for reviewing that opinion for one hour. [*See Jacobs v. Astrue*, No. 1:11-cv-1088-DML-WTL, dkts. 25; 27-1 at 2.] And counsel's proposed order in this case references Mr. Jacobs, not Mr. Walton, further bolstering the Court's conclusion that counsel used the fee affidavit from *Jacobs* as a template. [Dkt. 24-3 at 1.]

Second, counsel recently represented that he spent 1.5 hours preparing fee applications in at least three cases pending before the Court—*Jacobs*, this case, and another fee application filed

the same day as the application in this case. [*Cf.* dkt. 24-1 at 2 (representing that counsel spent 1.5 hours to "prepare and file EAJA fee application" on 2/23/2012); *Holloway v. Astrue*, No. 1:12-cv-576-JMS-DKL, dkt. 28-1 at 2 (representing that counsel spent 1.5 hours to "prepare and file EAJA fee application" on 2/23/2012); *Jacobs v. Astrue*, No. 1:11-cv-1088-DML-WTL, dkt. 27-1 at 2 (representing that counsel spent 1.5 hours to "prepare and file EAJA fee application" on 11/23/12).] While the fee applications in all three cases are substantially similar, the supporting memoranda are somewhat tailored to reflect the specific circumstances of each case. For example, in *Jacobs*, which was remanded on substantive grounds, counsel's eight-page brief contains a detailed discussion regarding substantial justification. [*Jacobs v. Astrue*, No. 1:11-cv-1088-DML-WTL, dkt. 28 at 2.] But in the case at bar, as well as in *Holloway*, the six-page briefs contain a limited discussion regarding substantial justification because the parties in those cases stipulated to remand. [Dkt. 25 at 2; *see also Holloway v. Astrue*, No. 1:12-cv-576-JMS-DKL, dkt. 29 at 2.] Despite these differences, counsel represents that he spent 1.5 hours preparing each of them.

Likewise, the fee affidavits in this case and in *Jacobs* both represent that counsel spent exactly 13 hours drafting the initial brief favoring reversal. [Dkt. 24-1 at 1; *Jacobs*, No. 1:11-cv-1088-DML-WTL, dkt. 27-1 at 1.] But counsel's brief in this case raised three categories of issues in 30 pages, while the brief in *Jacobs* raised one category of issues in 18 pages.[1] [Dkt. 16; *Jacobs*, No. 1:11-cv-1088-DML-WTL, dkt. 12.] Given these differences, it is highly unlikely that counsel would spend the same amount of time drafting both briefs, which again supports the Court's conclusion that counsel failed to tailor the template he used from *Jacobs* to reflect the actual time expended drafting the brief in this case.

---

[1] The parties in *Holloway* stipulated to remand before an initial brief was filed.

Based on this evidence, the Court is convinced that in the cited instances, counsel failed to tailor the template he used for his fee affidavit to reflect the actual time he expended on Mr. Walton's case. The Court is not generally opposed to using templates for common types of filings; however, anything filed with the Court must be tailored to the case in which it is filed. While counsel can bill for the full amount of time it takes to develop a template the first time, he cannot bill for that entire amount each time because, in essence, he is not reinventing the wheel each time. The use of a template is particularly problematic in a fee petition where each bill must reflect the actual amount of time counsel spent on the task for which he is seeking compensation, and it is improper to have a uniform billing time for a certain task. *See, e.g.*, *Williams v. Astrue*, 2011 WL 2532905 (S.D. Ind. 2011).

Because counsel has not established "the actual time expended" for the cited tasks as required by 28 U.S.C. § 2412, the Court strikes 15.5 hours from counsel's request (13.0 for the initial brief, 1.0 for reviewing the judgment, and 1.5 for the fee application) and will only award fees for the remaining 5.25 hours for which he seeks compensation.

### B.  Request for Hourly Rate in Excess of $125

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Counsel requests to be compensated at an increased hourly rate of $183.09, citing inflation as the reason for the requested rate. [Dkt. 24-1 at 2 n.1.] The Commissioner argues that counsel has not provided sufficient evidence to justify the higher rate, citing *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011). [Dkt. 26 at 3-6.]

In *Mathews-Sheets*, the Seventh Circuit emphasized that the EAJA "doesn't authorize an award of $125 per hour, or even $125 plus inflation. The $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor." 653 F.3d at 563. Even if counsel points to inflation,

> he still must show that it actually justifies a higher fee; for while it might seem obvious that a statutory price ceiling should be raised in step with inflation, to do that as a rote matter would produce windfalls in some cases. Inflation affects different markets, and different costs in the same market, in different ways. The framers of the Equal Access to Justice Act were right therefore not to create an *entitlement* to an inflation adjustment; the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government.

*Id.* (original emphasis).

District courts applying *Mathews-Sheets* have recognized that the decision "does not prescribe any particular manner in which a lawyer might demonstrate that a cost of living increase for legal services is justified, merely that some adequate justification be provided." *Hart v. Astrue*, 2012 WL 2577515, *1 (S.D. Ind. 2012); *Gonzales v. Astrue*, 2012 WL 1633937, *2 (S.D. Ind. 2012). While abundant or complex evidence is not required, counsel "is required to provide *some* basis to justify an increase in fees from the $125 statutory rate." *Hart*, 2012 WL 2577515 at *2 (original emphasis).

In this case, counsel provides a string citation to allegedly comparable cases in which increased hourly rates were approved without further explanation. [Dkt. 24-1 at 2-3.] However, that strategy has previously been rejected, *Hart*, 2012 WL 2577515 at *2, and as the Commissioner points out, the cited cases were either decided before *Mathews-Sheets* or the Commissioner did not object to the requested increased hourly rate, [dkt. 26 at 4-5].

Counsel also cites the United States Department of Labor website to calculate the consumer price index, without further explanation. [Dkt. 24-1 at 2 n.1.] But *Mathews-Sheets* ex-

pressly rejected citing inflation without providing further evidence indicating how it has affected the relevant market.  653 F.3d at 563.  Counsel has provided no evidence of his typical hourly rate, how his operating costs have been affected by inflation, what competent lawyers in the relevant geographic area charge, or that no qualified attorney would provide representation in comparable cases at the statutory rate.  *See, e.g.*, *Johnson v. Astrue*, 2013 U.S. Dist. LEXIS 12395, *13-16 (N.D. Ind. 2013) (citing such evidence in awarding an increased hourly rate).  While that amount of evidence may not be required, the Court is confident that complying with *Mathews-Sheets* requires more than simply citing the consumer price index without further explanation.  *See, e.g.*, *Shipley v. Astrue*, 2012 U.S. Dist. LEXIS 71709 (S.D. Ind. 2012) ("not read[ing] *Mathews-Sheets* to limit the availability of a fee higher than $125 based on an increase in the cost of living since 1996 only where the lawyer can prove that qualified attorneys would not otherwise be available" and accepting an increased rate based on the consumer price index *and* the attorney's increased rates in non-social security cases).  For these reasons, the Court concludes that counsel has not met the burden set forth in *Mathews-Sheets* to receive a rate above the statutory cap of $125 per hour.

### C.  Payment Recipient

Counsel requests that any fees awarded be paid directly to him pursuant to a contractual assignment he has with Mr. Walton.  [Dkts. 24-2 at 2; 29 at 4-5.]  The Commissioner argues that even if counsel is entitled to attorney's fees pursuant to the EAJA, any award should be payable to Mr. Walton.  [Dkt. 26 at 6 (citing *Astrue v. Ratliff*, 130 S. Ct. 2521, 2526-27 (2010)).]

In *Ratliff*, the United States Supreme Court held that EAJA fees are awarded to a prevailing plaintiff, not to his attorney.  130 S.Ct. at 2526-27.  Consequently, EAJA fees are subject to a federal administrative offset if the litigant has outstanding federal debts.  *Id.* at 2527.

Consistent with *Ratliff*, the Court orders the EAJA fees awarded herein to be awarded directly to Mr. Walton, subject to any outstanding federal debts. If the parties determine, however, that Mr. Walton does not owe any federal debts, the Government should honor Mr. Walton's assignment and direct the EAJA award to his counsel.

### D. Conclusion

For the reasons set forth herein, the Court **GRANTS IN PART** Mr. Walton's Motion for EAJA Attorney's Fees, [dkt. 24], and awards him **$656.25** (5.25 hours x $125/hour) in attorney's fees. That award is payable to Mr. Walton, subject to any outstanding federal debts. If Mr. Walton does not have any outstanding federal debts, however, the Government should honor his assignment of the EAJA award and direct the award to his counsel.

04/09/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Thomas E. Kieper
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com